45 F.3d 428
NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
 UNITED STATES of America, Plaintiff-Appellee,
v.
Muhammad Naeem MIRZA, Defendant-Appellant.
 No. 93-7146.
 United States Court of Appeals, Fourth Circuit.
 Submitted: August 9, 1994.
Decided: January 6, 1995.
 
 Appeal from the United States District Court for the Eastern District of Virginia, at Alexandria. Albert V. Bryan, Jr., Senior District Judge. (CR-91-2-A)
 Neal David Olesker, KOORITZKY & ASSOCIATES, Arlington, VA, for Appellant. Helen F. Fahey, United States Attorney, Michael Dougherty, Special Assistant United States Attorney, Alexandria, VA, for Appellee.
 E.D.VA.
 AFFIRMED.
 Before WILKINSON, NIEMEYER, and WILLIAMS, Circuit Judges.
 OPINION
 PER CURIAM:
 
 
 1
 Muhammad Naeem Mirza appeals from the district court's denial of his petition for a writ of coram nobis pursuant to 28 U.S.C. Sec. 1651(a) (1988). Because we find no fundamental error in Mirza's conviction, we affirm.
 
 
 2
 Mirza, a citizen of the United Kingdom, came to the United States to invest in a business pursuant to a treaty between the two countries. In 1991, Mirza pled guilty to bank fraud in violation of 18 U.S.C.A. Sec. 1344 (West Supp.1994). He received ten months in prison and three years of supervised release. In 1993, he filed a petition for a writ of coram nobis in the district court. The district court denied the writ. Mirza appeals.
 
 
 3
 Mirza asserts that the Government violated the treaty because it failed to notify the British consulate that he had been confined, and that the district court failed to inform him at his plea hearing that the Government was obligated to do so under the treaty. A writ of error coram nobis may be granted to vacate a conviction only if a fundamental error occurred and there is no other remedy available. United States v. Mandel, 862 F.2d 1067, 1075 (4th Cir.1988), cert. denied, 491 U.S. 906 (1989). Mirza provides no evidence that he has pursued any other remedies, such as habeas relief, prior to seeking a writ of coram nobis. Hence, it is not clear that he has no other remedy available.
 
 
 4
 However, to the extent that the petition was properly before the district court, the court's denial was proper. The treaty provision at issue states that its purpose is to permit discussion between the national and the consular officer and ensure that the national has counsel.[1] Mirza provided no support for his contention that he was entitled to be told of his treaty rights prior to pleading guilty. Further, he failed to show that this knowledge would affect his decision to plead guilty or the validity of his conviction.[2] Mirza was represented by counsel throughout the criminal proceedings, and other than the treaty violation, Mirza does not assert that his rights were violated in any way. Additionally, Mirza does not suggest that he did not commit the offense. Hence, his lack of knowledge of his rights under the treaty, and the Government's failure to inform the consulate of his confinement, did not constitute fundamental error justifying a reversal of his conviction.
 
 
 5
 Therefore, we affirm the district court's order denying Mirza's request for a writ of coram nobis. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.
 
 AFFIRMED
 
 
 [1]
 The treaty provision at issue states, in pertinent part:
 A consular officer shall be informed immediately by the appropriate authorities ... when any national of the sending state is confined in prison awaiting trial or is otherwise detained in custody.... A consular officer shall be permitted to visit without delay, to converse privately with and to arrange legal representation for, any national of the sending state who is so confined or detained.
 
 
 [1]
 Igor I. Kavass, United States Treaty Index: 1776-1990 Consolidation 3426, 3439 (1991)
 
 
 [2]
 In his brief Mirza states that check kiting is not a crime in England, and that had the Government been apprised of this fact by the consulate the charges might have been reduced or dropped. This claim is meritless